AO 472 (Rev. 12/03) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

District of _____ DELAWARE

UNITED STATES OF AMERICA

**v.**

TIRON WARRINGTON,
*Defendant*

## ORDER OF DETENTION PENDING TRIAL

Case Number:  08-128-M

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- ☐ (1) There is probable cause to believe that the defendant has committed an offense
  - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- X (1) There is a serious risk that the defendant will not appear.
- X (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

F I L E D

JUL 3 0 2008

U.S DISTRICT COURT
DISTRICT OF DELAWARE

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by  X clear and convincing evidence  X a preponderance of the evidence  that

Based on the affidavit supporting the criminal complaint, the report of the Probation Office, and other information provided to the Court during the detention hearing, the Court finds by a preponderance of evidence that no combination of conditions could reasonably assure that the Defendant would appear for all Court events in this matter. The Court further finds clear and convincing evidence that no combination of conditions could reasonably assure that the Defendant would not pose a danger to the community if released.

The Court has reached these conclusions based on the following findings and for the following reasons, as well as those stated from the bench at the conclusion of the detention hearing:

the nature and circumstances of the offense: the Defendant is accused of being a felon in possession of a firearm. The complaint alleges that the Defendant was walking on a street in Wilmington and was found to possess in his right rear pants pocket a loaded Bereta model 21A .25 caliber semi-automatic handgun.

the weight of the evidence: is very strong. The Defendant essentially concedes possession, although his counsel represents that he had a good reason for possessing the gun. There is no dispute that the Bereta traveled in interstate commerce and that Defendant is a prohibited person.

the history and characteristics of the Defendant: the Defendant has a 2007 felony conviction in State Court for Possession with Intent to Deliver a Narcotic Schedule I Controlled Substance. He also has convictions for failure to register as a sex offender (twice) and criminal impersonation. He was on probation with the State of Delaware at the time of the instant offense. His record shows at least five violations of probation and several capiases, including for failure to appear. Although Defendant's mother relies on Defendant to help take care of her due to her medical ailments, and while Defendant is a lifelong Delaware resident and has the support of his family (who were present in Court), this does not outweigh the negative factors already described.

AO 472 (Rev. 12/03) Order of Detention Pending Trial

the nature and seriousness of the danger to the community that would be posed by the Defendant's release; as a felon in possession of a firearm, who was carrying a loaded gun in his pocket, Defendant would pose a danger to the community if released.

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| JULY 30TH, 2008 | |
|---|---|
| Date | Signature of Judge |
| | Hon. Leonard P. Stark |
| | Name and Title of Judge |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).